UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| Ellen Jane Kutten, individually and on behalf of her daughters; and Mary Ann Arnold and Elsie Mahler Scharff, on behalf of themselves and all others similarly situated;<br><br>                    Plaintiffs,<br><br>v.<br><br>Bank of America, N.A. and Bank of America Corporation,<br><br>                    Defendants. | Civ. File No. 04-0244 (PAM)<br><br><br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction, John F. Medler Jr.'s Motion to Intervene, and Plaintiffs' Motion to Consolidate Cases. For the reasons that follow, the Court grants the Motion to Dismiss and denies all other Motions as moot.

**BACKGROUND**

Plaintiffs Mary Ann Arnold and Elsie Mahler Scharff bring this putative class action on behalf of themselves and a purported class. In addition, Plaintiff Ellen Jane Kutten asserts claims on behalf of herself and her daughters. Initially, Kutten was named as the only putative class representative. However, Arnold and Scharff later joined as putative class representatives, and Kutten opted to pursue only her individual claims.

Plaintiffs allege that Defendants Bank of America, N.A. and Bank of America Corporation (collectively "Bank of America") breached numerous fiduciary and contractual duties with respect to the administration of fiduciary accounts. According to Plaintiffs, the breaches are a result of Bank of America acquiring several smaller banks, which caused the "formerly independent institutions' fiduciary operations [to be] transmogrified into just cogs in the fee-generating machinery of the Bank and its corporate parent." (Sec. Am. Compl. ¶ 5.) In particular, Plaintiffs allege that Bank of America engaged in self-dealing by transferring assets from common trust funds to mutual funds that are controlled by Bank of America subsidiaries. Plaintiffs also allege that Bank of America breached its fiduciary duties by charging the fiduciary accounts greater fees than those charged if the funds had remained in common trust funds. In addition, Plaintiffs allege that Bank of America falsely advertises that it provides individualized fund management when it merely directs funds to standardized investments such as its mutual funds. Finally, Plaintiffs allege that they were denied notice and the right to object to the bank consolidations.

The Second Amended Complaint consists of fifteen counts, including breach of fiduciary duty, breach of contract, unjust enrichment, and violations of various California and Missouri statutes. Arnold and Scharff request compensatory and punitive damages on behalf of the putative class and sub-classes, as well as injunctive relief. Kutten seeks compensatory and punitive damages on behalf of herself and her daughters, as well as injunctive relief.

**DISCUSSION**

Bank of America moves to dismiss for lack of subject matter jurisdiction, arguing that Plaintiffs cannot satisfy the amount-in-controversy requirement under 28 U.S.C. § 1332(a).[1] Federal district courts have original jurisdiction over all civil actions between citizens of different states in which the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). In addition, "where the other elements of jurisdiction are present and at least one named plaintiff in the action satisfies the amount-in-controversy requirement," the Court may exercise supplemental jurisdiction over the claims of other plaintiffs in the same case or controversy, "even if those claims are for less than the jurisdictional amount specified in the statute setting forth the requirements for diversity jurisdiction." Exxon Mobile Corp. v. Allapattah Servs., Inc., 125 S. Ct. 2611, 2615 (2005).

When determining the amount in controversy, "a complaint that alleges the jurisdictional amount in good faith will suffice to confer jurisdiction, but the complaint will be dismissed if it appears to a legal certainty that the claim is really for less than the jurisdictional amount." Capitol Indem. Corp. v. 1405 Assocs., Inc., 340 F.3d 547, 549 (8th Cir. 2003) (citation omitted). Because Bank of America challenges the allegations as to the amount of controversy, Plaintiffs must establish by a preponderance of the evidence that at least one named plaintiff satisfies the amount-in-controversy requirement. Rasmussen v. State Farm Mut. Auto. Ins. Co., 410 F.3d 1029, 1031 (8th Cir. 2005) (citation omitted).

---

[1] There is no dispute that Plaintiffs meet the diversity-of-citizenship requirement under 28 U.S.C. § 1332(a)(1).

3

Bank of America asserts that no named plaintiff can satisfy the amount-in-controversy threshold. In contrast, Plaintiffs submit that Kutten may recover compensatory damages greater than $75,000. In addition, Plaintiffs maintain that their claims for punitive damages, injunctive relief, and attorneys' fees greatly exceed the jurisdictional minimum.

**A.     Compensatory Damages**

The parties dispute whether Kutten seeks compensatory damages in excess of $75,000.[2] Specifically, Plaintiffs contend that Kutten seeks over $700,000 in compensatory damages, while Bank of America asserts that Kutten may recover no more than $14,555. The Second Amended Complaint is silent on the amount of compensatory damages Kutten has incurred.

Plaintiffs base their compensatory damage calculation on several fees and losses that Kutten allegedly incurred due to Bank of America's alleged breaches. Notably, however, Plaintiffs fail to submit a scintilla of evidence to establish these alleged damages. Indeed, in her deposition, Kutten was unable to determine the damages she suffered and deferred to her expert witness. The record includes a preliminary report prepared by the expert witness, but that report merely outlines the methodology the expert will use to calculate damages and did not provide any actual calculations.

---

[2] According to Bank of America, the actual damages incurred by Arnold and Scharff does not exceed $4,847 and $12,947, respectively. Plaintiffs seemingly concede this, and present no evidence to establish the compensatory damages incurred by either Arnold or Scharff. Clearly, neither of these amounts exceeds the requisite $75,000.

4

Kutten purports to have produced "thousands of pages of documents" from which her losses and increased expenses can be mathematically ascertained. However, none of those documents are included in the record before the Court. As such, Plaintiffs have failed to show by a preponderance of evidence that Kutten sustained more than $75,000 in compensatory damages.

**B.     Punitive Damages**

The parties dispute whether Plaintiffs' claim for punitive damages may contribute to the jurisdictional minimum. The Court may consider a claim for punitive damages in determining the amount in controversy. See Allison v. Sec. Benefit Life Ins., 980 F.2d 1213, 1215 (8th Cir. 1992). However, "when determining the amount in controversy, 'a claim for punitive damages is to be given closer scrutiny, and the trial judge accorded greater discretion, than a claim for actual damages.'" Larkin v. Brown, 41 F.3d 387, 389 (8th Cir. 1994) (citation omitted). Plaintiffs must come forth with a preponderance of evidence establishing the threshold amount. Rasmussen, 410 F.3d at 1031; see also Larkin, 41 F.3d at 388-89 (8th Cir. 1994) (requiring "competent proof" of punitive damages) (citation omitted).

Under Missouri law, a plaintiff may recover punitive damages for a breach of fiduciary duty upon a clear and convincing showing that the defendant acted with evil motive and reckless indifference to the plaintiff's rights. Reinke v. Bank of Am., N.A., No. 4:04-1758, 2005 WL 3454428, at *3 (E.D. Mo. Dec. 16, 2005). Similarly, California law imposes a heightened standard for punitive damages requiring the plaintiff to show "by clear and

5

convincing evidence that the defendant has been guilty of oppression, fraud, or malice." Cal. Civ. Code § 3294(a). Thus, "a breach of fiduciary duty alone without malice, fraud or oppression does not permit an award of punitive damages." Flyer's Body Shop Profit Sharing Plan v. Ticor Title Ins. Co., 185 Cal. App. 3d 1149, 1154 (Cal. Ct. App. 1986) (citation omitted). A defendant "must act with the intent to vex, injure, or annoy, or with a conscious disregard of the plaintiff's rights." Id. (internal quotations and citation omitted).

In this case, Plaintiffs allege that Bank of America developed a nationwide scheme to convert assets from fiduciary accounts to proprietary mutual funds to earn profits without regard to their fiduciary duties to Plaintiffs and the purported class as beneficiaries to the fiduciary accounts. They further allege that Bank of America engaged in self-dealing transactions that were rife with conflicts of interest and that Bank of America misrepresented and concealed its wrongful conduct. Although these allegations set forth a breach of fiduciary duty claim, they do not meet the standard for punitive damages. Moreover, Plaintiffs have not produced any evidence that Bank of America acted with nefarious intent. Because Plaintiffs have failed to provide or even allege facts sufficient to support a punitive damages award, their request for this relief cannot contribute to the amount in controversy necessary to invoke federal jurisdiction. See Larkin, 41 F.3d at 389 (dismissing case where plaintiff could not recover punitive damages based on the record before the court).

**C.     Injunctive Relief**

Plaintiffs seek to enjoin Bank of America from opposing any future petitions seeking its removal as fiduciary. In addition, Plaintiffs ask that the Court order Bank of America to

6

establish and implement new procedures to protect the interests of the purported class.

Bank of America argues that Kutten and Scharff lack standing to assert claims for injunctive relief. "Whether a plaintiff has standing to sue 'is the threshold question in every federal case, determining the power of the court to entertain the suit.'" McClain v. Am. Econ. Ins. Co., 424 F.3d 728, 731 (8th Cir. 2005) (citation omitted). To establish standing, Plaintiffs must establish three elements: (1) they suffered an actual or imminent injury-in-fact that is concrete and particularized; (2) a causal connection exists between the injury and the challenged action; and (3) a favorable decision will likely redress the injury. Id. (citation omitted). When a plaintiff seeks injunctive relief, the injury-in-fact element requires a showing that the plaintiff faces a real and immediate threat of ongoing or future injury. Mosby v. Ligon, 418 F.3d 927, 933 (8th Cir. 2005) (affirming dismissal because the plaintiff lacking standing) (internal quotation and citation omitted); Park v. Forest Serv. of the United States, 205 F.3d 1034, 1037 (8th Cir. 2000) (holding that the plaintiff failed to sufficiently allege a threat of ongoing or future harm).

It is undisputed that Scharff and Kutten are no longer customers of Bank of America. Thus, they lack standing to seek the injunctive relief requested. Grandson v. Univ. of Minn., 272 F.3d 568, 574 (8th Cir. 2001) (individual plaintiffs lacked standing for injunctive relief because they were ineligible for prospective relief sought); Reinke, 2005 WL 3454428, at *4 (individual plaintiffs lacked standing for injunctive relief because they were no longer affiliated with defendants and under no threat of ongoing or future harm).

7

However, Arnold is still a Bank of America customer. Nonetheless, Bank of America submits that the injunctive relief requested has no value and therefore cannot be used to reach the jurisdictional minimum. Arnold has failed to articulate any real or tangible way in which the requested injunctive relief will benefit her as a current customer of the Bank of America. Burns v. Mass. Mut. Life Ins. Co., 820 F.2d 246, 248 (8th Cir. 1987) ("The amount in controversy in a suit for injunctive relief is measured by the value to the plaintiff of the right sought to be enforced."). Because of this failure, Arnold cannot rely on the value of the injunctive relief to meet the jurisdictional minimum.

**D.     Attorneys' Fees**

Plaintiffs contend that their attorneys' fees would exceed the jurisdictional amount. However, "only statutory attorney fees count toward the jurisdictional minimum calculation." Rasmussen, 410 F.3d at 1031 (citation omitted). Plaintiffs have not shown that they are statutorily entitled to attorneys' fees if they prevail on their claims. Moreover, Plaintiffs have not submitted any evidence that the fees exceed the jurisdictional minimum. Thus, the Court will not consider attorneys' fees when making the amount-in-controversy determination.

**CONCLUSION**

Plaintiffs have failed to show that any named plaintiff meets the amount-in-controversy requirement to confer subject matter jurisdiction over this action. Accordingly, **IT IS HEREBY ORDERED that**:

8

1. Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction (Docket No. 238) is **GRANTED**;

2. All outstanding motions (Docket Nos. 200, 202, 205, 209, 218, 225, 228, 231, 238, 241, 251, 261, 264, 265, 267, 269, 277, 294, 303, 307, 318, and 319) are **DENIED as moot**; and

3. This action is **DISMISSED without prejudice**.

Dated: May 26, 2006

                                            s/ Paul A. Magnuson

                                            Paul A. Magnuson
                                            United States District Court Judge