UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| Ellen Jane Kutten, individually and on behalf of her daughters; and Mary Ann Arnold and Elsie Mahler Scharff, on behalf of themselves and all others similarly situated; | Civ. File No. 04-0244 (PAM) |
| Plaintiffs, | |
| v. | **ORDER** |
| Bank of America, N.A. and Bank of America Corporation, | |
| Defendants. | |

This matter is before the Court on Plaintiffs' request for permission to file a motion under Federal Rules of Civil Procedure 59(e) and 60(b)(6), seeking to vacate the Memorandum and Order the Court issued on May 26, 2006. For the reasons that follow, the request is denied.

In the prior Order, the Court found that it lacked subject matter jurisdiction over this action because Plaintiffs had failed to establish the amount in controversy required under 28 U.S.C. § 1332(a). The Court dismissed the action without prejudice. Plaintiffs now ask the Court to dismiss only the Complaint — and not the action — so that Plaintiffs may file a motion for leave to amend the Complaint to cure the jurisdictional defects identified in the Order.

A district court has broad discretion in determining whether to grant or deny a motion to alter or amend judgment pursuant to Rule 59(e). United States v. Metro. St. Louis Sewer Dist., 440 F.3d 930, 933 (8th Cir. 2006) (citing Innovative Home Health Care v. P.T.O.T. Assoc. of the Black Hills, 141 F.3d 1284, 1286 (8th Cir. 1998)). "Rule 59(e) motions serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence." Id. (internal quotations and citations omitted). Such motions cannot be used to introduce additional evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment. Id.

To seek relief under Rule 60(b)(6), Plaintiffs must establish that exceptional circumstances have denied them a full and fair opportunity to litigate their claims. Harley v. Zoesch, 413 F.3d 866, 871 (8th Cir. 2005) (citing Atkinson v. Prudential Prop. Co., Inc., 43 F.3d 367, 371 (8th Cir. 1994)). Grounded in equity, Rule 60(b) exists to prevent the judgment from becoming a vehicle of injustice. Id.; see also Inman v. Am. Home Furniture Placement, Inc., 120 F.3d 117, 119 (8th Cir. 1997) ("Rule 60(b) has never been a vehicle for relief because of an attorney's incompetence or carelessness.") (quoting Sutherland v. ITT Cont'l Baking Co., 710 F.2d 473, 476-77 (8th Cir. 1983)).

Plaintiffs insist that they can now plead the amount-in-controversy requirement, that they already have undergone a significant amount of discovery, and that they have not engaged in dilatory conduct. Notwithstanding these arguments, Plaintiffs have failed to show that justice will be served by granting their request under either Rule 59(e) or Rule 60(b)(6).

Accordingly, **IT IS HEREBY ORDERED** that Plaintiffs' request is **DENIED.**

Dated: June 5, 2006

                                            s/ Paul A. Magnuson

                                            Paul A. Magnuson
                                            United States District Court Judge