UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| Ellen Jane Kutten, individually and on behalf of her daughters; and Mary Ann Arnold and Elsie Mahler Scharff, on behalf of themselves and all others similarly situated; <br><br> Plaintiffs, <br><br> v. <br><br> Bank of America, N.A. and Bank of America Corporation, <br><br> Defendants. | Civ. No. 4:04-0244 (PAM) |
| Ellen Jane Kutten, individually and on behalf of her daughters; and Mary Ann Arnold and Elsie Mahler Scharff, on behalf of themselves and all others similarly situated; <br><br> Plaintiffs, <br><br> v. <br><br> Bank of America, N.A. and Bank of America Corporation, <br><br> Defendants. | **MEMORANDUM AND ORDER** <br><br> Civ. No. 4:06-0937 (PAM) |

This matter is before the Court[1] on Defendants' Motion for an Award of Attorney's Fees and Costs. For the reasons that follow, the Court grants the Motion.

---

[1] This Court is assigned to this case pursuant to 28 U.S.C. § 294(c).

**BACKGROUND**

The facts of these cases are fully set forth in previous Orders and will not be repeated here. As is relevant to the instant Motion, Defendant Bank of America, N.A. ("Bank") is the corporate fiduciary for various fiduciary trust accounts. Plaintiffs are current and former beneficiaries of those accounts. In their pleadings, Plaintiffs contended that the Bank engaged in self-dealing by transferring the assets in the fiduciary accounts to funds controlled by the Bank. These transfers allegedly allowed the Bank to generate higher fees and profits for itself.

The Court dismissed the first-filed case in May 2006, finding that Plaintiffs had failed to come forward with even the bare minimum of evidence to support their claimed damages. Kutten v. Bank of Am., N.A., No. 04-244, 2006 WL 1520588, at *2 (E.D. Mo. May 26, 2006) ("Kutten I"). Thus, the Court held that Plaintiffs had not established the requisite amount in controversy and the Court therefore lacked subject matter jurisdiction over the case. Id. at *4.

Rather than appealing the Court's judgment, Plaintiffs filed a new lawsuit in June 2006, raising not only the same state-law claims but also claims under federal law. In August 2007, the Court dismissed the state-law class-action claims, finding those claims preempted by the Securities Litigation Uniform Standards Act of 1998 ("SLUSA"), 15 U.S.C. §§ 77p et seq. Kutten v. Bank of Am., N.A., No. 06-937, 2007 WL 2485001, at *8 (E.D. Mo. Aug. 29, 2007) ("Kutten II"). The Eighth Circuit Court of Appeals affirmed. Kutten v. Bank of Am., N.A., 530 F.3d 669 (8th Cir. 2008).

In addition to the Kutten, Plaintiffs filed numerous other cases throughout the United States raising the same claims. See Siepel v. Bank of Am., N.A., 526 F.3d 1122, 1125 (8th Cir. 2008) (noting that plaintiffs filed "at least five class actions in various jurisdictions seeking redress for the same alleged injuries"); Siepel v. Bank of Am., N.A., 239 F.R.D. 558, 561-63 (E.D. Mo. 2006) (describing the then-pending five class actions); see also Kutten II, 2007 WL 2485001, at *5 (finding case "nearly identical" to Siepel). All of these cases have been dismissed. Defendants contend that within days of the Court of Appeals's decision in Siepel, two more cases were filed containing the same allegations.[2]

In Siepel, this Court determined that Plaintiffs were engaged in forum shopping. Siepel, 239 F.R.D. at 564. In particular, the Court noted that "[t]he record shows that Plaintiffs have filed numerous cases, voluntarily dismissed them in order to avoid court-imposed deadlines and unfavorable rulings, and reasserted the dismissed claims in this case." Id. The Court of Appeals affirmed this Court's ruling in its entirety. Siepel, 526 F.3d at 1128.

**DISCUSSION**

The Bank contends that it is entitled to its reasonable attorney's fees and costs because: (1) under Missouri law, a trustee defending his administration of the trust is entitled to his or her reasonable attorney's fees (the so-called Bernheimer exception); (2) Missouri law provides that a trustee may recover his or her costs and expenses in a "judicial

---

[2] These cases are Martinez v. Bank of America, N.A., No. 08-4964 (S.D.N.Y.), and Stoddy-Broser v. Bank of America, N.A., No. 08-2705 (N.D. Cal.).

3

proceeding involving the administration of a trust," Mo. Rev. Stat. § 456.10-1004; and (3) the Court has inherent authority to award Defendants their fees and costs based on Plaintiffs' and Plaintiffs' attorneys' forum shopping and "vexatious litigation practices." (Defs.' Supp. Mem. at 14.)

**A.     Timeliness of Motion**

Plaintiffs' first argument is that Defendants' Motion is not timely. Plaintiffs cite Local Rule 8.02, which requires a party seeking attorney's fees to bring such motion "no later than twenty (20) days after entry of final judgment . . . ." E.D. Mo. L. R. 8.02. <u>Kutten I</u> was dismissed in May 2006. According to Plaintiffs, Defendants should have filed their Motion with respect to <u>Kutten I</u> no later than June 2006. As Defendants point out, however, Plaintiffs filed a motion to alter or amend the judgment and that motion tolled the twenty-day period prescribed by Local Rule 8.02. At the time Defendants filed this Motion, no final judgment had been entered in <u>Kutten I</u>. Thus, Defendants' Motion for fees and costs arising out of <u>Kutten I</u> is timely.

Plaintiffs also argue that the Motion is premature as it relates to <u>Kutten II</u> because individual claims remain to be resolved in that case. The Court agrees with Defendants that it is more efficient to consider Defendants' request for fees and costs in <u>Kutten I</u> and <u>Kutten II</u> together. The Motion is not premature as it relates to the fees and costs incurred in defending <u>Kutten II</u>.

**B.     Bernheimer Exception**

The Bernheimer exception "allows attorney's fees to be awarded from a trust estate for litigation resolving questions important to the administration of the trust, or for the benefit of the trust." Klinkerfuss v. Cronin, 199 S.W.3d 831, 843 (Mo. Ct. App. 2006) (citing, inter alia, Bernheimer v. First Nat'l Bank of Kansas City, 225 S.W.2d 745 (Mo. 1949)). "It is well-established that the good faith defense of a lawsuit to remove a trustee falls within the ambit of actions that uphold the trust and preserve the trust property." Id. at 844.

Plaintiffs argue that, because they did not seek to have the Bank removed as trustee, the Bernheimer exception does not apply. Plaintiffs admit, however, that they sought to enjoin the Bank "from Opposing [sic] any petition . . . seeking the removal of the Bank as corporate fiduciary." (Pls.' Opp'n Mem. at 9 (citing Kutten I Am. Compl. ¶ (d).) This is the functional equivalent of seeking to remove the Bank as trustee.

Plaintiffs next contend that no "unusual circumstances" exist to permit the award of fees under the Bernheimer exception. The Court finds no support in the caselaw for Plaintiffs' argument that unusual circumstances are required before a Court can order attorney's fees under the Bernheimer exception. Missouri law allows a trustee to recover its reasonable attorney's fees and other expenses when the trustee incurs those expenses in defending an action seeking to remove it as trustee. Klinkerfuss, 199 S.W.3d at 844. Part of the relief Plaintiffs sought was the removal of the Bank as trustee. Thus, the Bernheimer exception applies and the Bank is entitled to its reasonable attorney's fees and other expenses

5

it incurred in defending these lawsuits.

## C.     Mo. Rev. Stat. § 456.10-1004

Missouri law provides:

> In a judicial proceeding involving the administration of a trust, the court, as justice and equity may require, may award costs and expenses, including reasonable attorney's fees, to any party, to be paid by another party or from the trust that is the subject of controversy.

Mo. Rev. Stat. § 456.10-1004. Plaintiffs contend that the comment to the Uniform Trust Code section on which this section is based makes clear that this section applies only in the case of bad faith or egregious conduct. (Pls.' Opp'n Mem. at 11 (citing Unif. Trust Code § 1004 cmt.).) They cite no Missouri case (or case from any other jurisdiction) so restricting the reading of this section, however, and the Court finds no reason to interpret the section restrictively. The language is plain: the Court may award costs and expenses in a judicial proceeding involving the administration of a trust. This judicial proceeding clearly involved the administration of a trust. Thus, if justice and equity so require, the Court may award the Bank its costs and expenses.[3]

As discussed more fully in section D below, Plaintiffs and their attorneys have prosecuted this case with nothing short of abandon. They have refused to admit defeat despite a plethora of decisions against their position. Their conduct in dismissing and refiling cases borders on the dilatory and, as discussed above, at the very least constitutes forum shopping. The Court cannot countenance such conduct. Thus, the Court finds that

---

[3] This provision applies only to Plaintiff Kutten's and Plaintiff Scharff's trusts. Plaintiff Arnold's trust is governed by California law. (Defs.' Supp. Mem. at 9 & n.6.)

justice and equity require an award of fees and costs in this action, and that § 456.10-1004 provides an independent basis for such an award.

**D.     Inherent Authority**

In Siepel v. Bank of America, N.A., 239 F.R.D. 558 (E.D. Mo. 2006), this Court awarded Defendants the attorney's fees and costs they incurred defending a companion case filed in Florida. The Court relied on Federal Rule of Civil Procedure 41(d), which allows the Court to award fees and costs against "a plaintiff who has once dismissed an action in any court [and] commences an action based upon or including the same claim against the same defendant." Fed. R. Civ. P. 41(d). In determining that an award of fees and costs was appropriate, the Court noted that the purpose of the Rule was to deter forum shopping and vexatious litigation, and specifically found that Plaintiffs and their attorneys engaged in forum shopping. Siepel, 239 F.R.D. at 563, 564.[4]

It appears that Plaintiffs' attorneys have not been deterred by the rulings of this Court or other courts condemning their forum shopping and other vexatious litigation tactics. They do not deny that they have filed or assisted in filing two new actions based on the same conduct claimed wrongful in the numerous actions previously dismissed. Rather, they argue that no court has dismissed the various lawsuits on the merits, and thus that an award of fees

---

[4] The Court subsequently granted Plaintiffs' motion to vacate the award of fees and costs. Siepel v. Bank of Am., N.A., No. 05-2393, 2007 WL 679645, at *1 (E.D. Mo. Mar. 1, 2007). The Court's decision was based solely on the fact that, prior to the Court's ruling on fees and costs, the Florida court had determined that an award of fees and costs was appropriate. Id. at *1-2. The Court therefore vacated its award to allow the Florida court to determine the amount of fees and costs to which Defendants were entitled.

7

and costs is inappropriate. The Court disagrees.

It may be true that no court has found it necessary to reach the substance of Plaintiffs' claims. It cannot be said, however, that no court has commented on the substance of those allegations or on the manner in which Plaintiffs' counsel has chosen to prosecute this action. Indeed, this Court found that Plaintiffs had failed to come forward with "a scintilla of evidence" to support their claimed damages, despite months of discovery. Counsel continues to forum shop.

Moreover, contrary to Plaintiffs' contention, there is no requirement that the Court may impose fees and costs only after it has addressed the substance of a party's claims and found those claims lacking in merit. The only case Plaintiffs cite for this proposition is not on point. See Ekstam v. Ekstam, No. 04-187, 2007 WL 4565024 (E.D. Mo. Dec. 20, 2007). The Ekstam court evaluated the defendant's motion for costs and fees under 35 U.S.C. § 285, which provides for the awarding of costs and fees in "exceptional" patent cases. In relevant part, the court found that plaintiffs had not advanced meritless arguments and therefore that § 285 did not apply. Id. at *2. The "exceptional" case strictures of § 285 are not relevant to whether this Court has the inherent authority to award fees and costs.

The instant case presents an example of when awarding fees and costs is most appropriate. Plaintiffs and their counsel have pursued multiple lawsuits, propounded voluminous discovery, and engaged in blatant forum shopping. Neither the admonitions of this Court or other courts have slowed Plaintiffs' counsel's dilatory ways. An award of fees and costs is not only appropriate, it may be the only way to convince Plaintiffs and counsel

8

to end their pattern of forum shopping and vexatious litigation.

The Court finds that it has the inherent power to award fees and costs against Plaintiffs and their attorneys in this matter.

**CONCLUSION**

Both Missouri statutory and common law, as well as this Court's inherent authority, provide a basis for the award of fees and costs to Defendants in this action.

Accordingly, **IT IS HEREBY ORDERED** that Defendants' Motion for Attorney's Fees and Costs (Docket No. 329) is **GRANTED**.

Dated:   November 6, 2008

                                                 *s/Paul A. Magnuson*
                                                 Paul A. Magnuson
                                                 United States District Court Judge