UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| Ellen Jane Kutten, et al.,<br>　　　　　　　　Plaintiffs,<br><br>v.<br><br>Bank of America, N.A. and Bank of<br>America Corporation,<br>　　　　　　　　Defendants. | Civ. No. 4:04-0244 (PAM) |
| Ellen Jane Kutten, et al.,<br>　　　　　　　　Plaintiffs,<br><br>v.<br><br>Bank of America, N.A. and Bank of<br>America Corporation,<br>　　　　　　　　Defendants. | **ORDER**<br><br>Civ. No. 4:06-0937 (PAM) |

This matter is before the Court on Plaintiffs' Motion to Amend and Reconsider this Court's Order of November 6, 2008. Plaintiffs also ask the Court to stay its referral of this matter to a special master, although Plaintiffs do not raise any specific objection to that referral other than their contention that the Court's underlying decision is incorrect. Defendants have responded to Plaintiffs' Motion by moving to strike the affidavits and other evidence submitted in support of the Motion.

Plaintiffs contend that the Court made multiple factual errors in its Order granting Defendants' Motion for Attorney's Fees and Costs. As Defendants point out, however, the time to provide the Court with evidence refuting Defendants' claim to fees was during the briefing on that Motion, not after the Court has granted the Motion. Plaintiffs' new

evidentiary submissions are both untimely and improper and will not be considered. To the extent that Plaintiffs are merely re-submitting evidence previously provided to the Court in opposition to Defendants' Motion, the Court has evaluated and considered that evidence. The Court will not, however, strike the evidence as Defendants request.

Rule 59(e) allows a court to correct "manifest errors of law or fact." Innovative Home Health Care v. P.T. – O.T. Assoc. of the Black Hills, 141 F.3d 1284, 1286 (8th Cir. 1998). Similarly, Rule 60(b) allows the Court to vacate a ruling when exceptional circumstances have denied a party a full and fair opportunity to litigate their claims. Harley v. Zoesch, 413 F.3d 866, 871 (8th Cir. 2005) (citing Atkinson v. Prudential Prop. Co., Inc., 43 F.3d 367, 371 (8th Cir. 1994)). Plaintiffs have sought reconsideration from this Court before. (See Order of June 5, 2006.) As the Court noted then, motions to alter or amend the judgment "cannot be used to introduce additional evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment." (Id. at 2 (citing United States v. Metro. St. Louis Sewer Dist., 440 F.3d 930, 933 (8th Cir. 2006)).)

One of Plaintiffs' arguments is that the Court erroneously placed blame for forum-shopping and other dilatory litigation practices on the individual Plaintiffs. To the contrary, although the Court did not rule out the possibility that individual Plaintiffs might be responsible for some of the questionable litigation tactics, the Court did not determine that Plaintiffs are bound to pay any specific amount of fees. Questions such as the proportion of any particular party's responsibility for Defendants' fees and costs are to be resolved by the special master. In other words, the Court anticipates that the special master will not only

determine the amount of chargeable fees and costs, but also determine against whom those fees and costs should be charged.

Plaintiffs also argue that the Court mistakenly determined that one of Plaintiffs' attorneys has been involved in newly filed cases, despite the dismissal of every other case arising out of the same facts. Plaintiffs contend that Defendants have not uncovered any evidence of counsel's involvement in the new cases, noting without irony that Defendants sought the production of documents that might prove counsel's involvement but Plaintiffs resisted that production on privilege grounds. Notably, however, Plaintiffs do not deny that counsel is involved in the new cases. It would be a simple matter for Plaintiffs to say, "Defendants have no evidence of counsel's involvement because there is none." This Plaintiffs have not done. Although the Court does not require Plaintiffs to "prove a negative," as they suggest, Plaintiffs' silence on this point is glaring. When coupled with their successful efforts to stymy discovery on the issue, the Court is left to draw its own conclusions. The circumstantial evidence shows that counsel has been involved in the other cases. If that evidence is misleading, the Court encourages counsel to submit an affidavit to the special master denying any involvement in these new matters. The Court's determination on the issue of fees and costs was not, however, based solely on its conclusion with respect to counsel's involvement in these new cases. Even if counsel ultimately (and plausibly) denies any involvement in the new actions, the Court would still determine that Defendants are entitled to recover their fees and costs based on the <u>Bernheimer</u> exception and on counsel's conduct in this litigation.

Plaintiffs have failed to establish either a manifest error of law or fact or any exceptional circumstances that would justify altering or amending this Court's Order. Accordingly, **IT IS HEREBY ORDERED that**:

1. Plaintiffs' Motion to Amend and Reconsider this Court's Order of November 6, 2008 and to stay referral to the special master (Docket Nos. 344 (04-244) and 90 (06-937)) is **DENIED**; and

2. Defendants' Motion to Strike (Docket Nos. 346 (04-244) and 92 (06-937)) is **DENIED**.

Dated:  Wednesday, November 26, 2008

      *s/Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge